**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**FREDERICK LECLAIR
ADC # 114981**                                                                                         **PLAINTIFFS**

**V.**                          **CASE NO. 1:08CV00034 SWW/BD**

**LINDA HUNT,** *et al.*                                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff, an inmate at the North Central Unit ("NCU") of the Arkansas Department of Correction ("ADC"), brings this action pro se under 42 U.S.C. § 1983. Plaintiff claims that Defendants have acted with deliberate indifference to his medical needs. Specifically, Plaintiff alleges that Defendants have failed to treat his circulation problems. In addition, in the informal resolutions and grievances Plaintiff attaches to his Complaint, Plaintiff continually complains about the treatment that he has received for various problems with his feet, including chronic dermatitis and itching. Plaintiff names as Defendants many employees of Correctional Medical Services, in both their official and individual capacities. Plaintiff seeks monetary damages as well as a declaratory judgment from the Court stating that Defendants failed to provide Plaintiff adequate medical care.

Based on the allegations contained in Plaintiff's Complaint and the informal resolutions and grievances Plaintiff provides, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the Court recommends DISMISSAL of Plaintiff's Complaint (docket entry #2).

**III.    Discussion:**

A.      *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss

a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983.  While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.   *Analysis*

Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).  "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

The Eighth Circuit has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from]

objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). The objective portion of this standard requires that a plaintiff show "verifying medical evidence" that defendants ignored an acute or escalating situation or that delays adversely affected the prognosis given the type of injury in the case. *Id.* at 1243 (citing *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)). See also *Beyerbach v. Sears,* 49 F.3d 1324, 1326 (8th Cir. 1995).

    1.    Separate Defendants Hunt and Cherry

Based upon Plaintiff's allegations and the informal resolutions and grievances Plaintiff attaches to his Complaint, Plaintiff has failed to state an actionable claim against Separate Defendants Hunt and Cherry. With regard to Defendant Hunt, Plaintiff alleges that Defendant Hunt told Plaintiff that there was nothing that she could not about his circulation problems, then got mad at Plaintiff and walked away from him. Plaintiff claims that Defendant Cherry did "nothing about extended chronic care." However, Plaintiff does not allege that he sustained any harm as a result of any alleged delay in treatment by either Defendant Hunt or Cherry. See *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (an inmate complaining of a delay in medical treatment must present verifying medical evidence to show that any alleged delay had a detrimental effect). Although in the informal resolutions and grievances Plaintiff attaches to his Complaint he states that the sores on his feet have gotten worse since he has been housed at the NCU, he does not allege that any

4

delay in treatment by either Separate Defendant Hunt or Cherry caused his medical conditions to worsen. Further, the grievances indicate that Plaintiff was continually provided treatment for his medical needs.

The informal resolutions and grievances Plaintiff provides indicate that in February 2006, Plaintiff was issued an UNA boot with ace bandage wrap to assist in circulation and heal the sores on his leg (#2 at p.30). On February 28, 2006, the UNA boot was removed and Plaintiff's leg and foot were reportedly healed (#2 at p.30). On October 11, 2006, Plaintiff was seen by Separate Defendant LeFevre who prescribed calamine lotion and Benadryl to treat the problems with Plaintiff's feet (#2 at p.23). Defendant LeFeve diagnosed Plaintiff with chronic dermatitis and itching at that time (#2 at p.23). On November 28, 2006, Separate Defendant LeFevre again examined Plaintiff and wrote an order to clean the allegedly infected area on his feet and legs with Betadine and apply Vaseline (#2 at p.23). On January 31, 2007, Defendant Marvin saw Plaintiff and recommended that Plaintiff use triple antibiotic ointment on his feet, wear TED hose while ambulatory, and apply Vaseline to a dry ulcer three times a day as needed (#2 at p.34). In April 2007, Plaintiff received triple antibiotic cream (#2 at p. 20). On May 9, 2007, Defendant Marvin ordered Plaintiff to wear special shoes, issued an antibiotic to Plaintiff, and instructed Plaintiff to use Miconazole 2% creme twice a day (#2 at p.34). On June 14, 2007, Separate Defendant Marvin told Plaintiff to wear TED hose indefinitely and ordered him to soak his feet in warm water (#2 at p.14).

On March 5, 2008, Plaintiff again complained about his feet and an appointment with Defendant Marvin was scheduled (#2 at p.15). On March 20, 2008, Defendant Marvin ordered that Plaintiff come to the infirmary twice a day to apply Vaseline (#2 at p.16). On March 28, 2008, Separate Defendant Sanders ordered TED hose for Plaintiff (#2 at p.19). On April 14, 2008, Plaintiff was scheduled to see Separate Defendant Marvin based on Plaintiff's inquiry about his medication (#2 at p.32). In April 2008, new TED hose were ordered for Plaintiff (#2 at p.13).

Although Plaintiff may disagree with the treatment that he was provided, such a claim is not actionable under § 1983. See *Estate of Rosenberg v. Crandell*, *supra*. Accordingly, Plaintiff's claims against these Defendants must fail.

2. Separate Defendants Basham, Selvey, LeFevre, Bently, Rushing, Dockins, and Blankenship

In his Complaint, Plaintiff alleges that each of these Defendants saw Plaintiff and treated him on various occasions. Plaintiff alleges that Defendants Basham, Selvey, LeFevre, Rushing, Dockins, and Blankenship took his vital signs. In addition, he alleges that Defendants LeFevre, Bently, and Blankenship actually treated him by either wrapping his feet, providing special shoes to Plaintiff, or prescribing medication. Therefore, Plaintiff cannot claim that these Defendants acted with deliberate indifference to his medical needs when they provided him treatment. Although Plaintiff may not agree with the treatment that was provided, he has no constitutional right to a particular course of treatment. See *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (inmates have no

constitutional right to particular course of treatment, and doctors are free to use their own medical judgment) and *Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent where they treated prisoner on numerous occasions and offered sensible medication and treatment). Further, Plaintiff's allegations that Separate Defendant Selvey's "attitude was not of a professional nature" and that Separate Defendant Dockins was "not much help" do not bolster Plaintiff's constitutional claims.

    3.    Separate Defendant Sanders

In his Complaint, Plaintiff alleges that Separate Defendant Sanders, the infirmary manager, did not adequately respond to the informal resolutions filed by Plaintiff. Plaintiff states that each time Plaintiff provided an informal resolution to Defendant Sanders, Defendant Sanders would "come up with some kind of excuse as to why the informal was not valid." Plaintiff alleges that he was "deceived and mislead" by Defendant Sanders.

Under § 1983, a supervisor incurs liability for an Eighth Amendment violation when he is personally involved in the violation or when his corrective inaction constitutes deliberate indifference. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Here, Plaintiff's allegations against Defendant Sanders fail to state a claim because failure to investigate or respond to a prisoner's grievance is not actionable under § 1983. See *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Further, despite Plaintiff's claims, he attaches numerous informal resolutions to his Complaint. It appears that these informal resolutions were processed in a timely manner. In addition, the grievances indicate that in May 2007, Plaintiff was told to use the sick-call process instead of filing informal resolutions for medical concerns. Plaintiff was told that if the problem could not be resolved at sick call, he was to request an interview with Separate Defendant Sanders.[1]

4.   Separate Defendant Marvin

In Plaintiff's Complaint, he alleges that Separate Defendant Marvin would prescribe medication to Plaintiff then change the medication to something else that "did not work as well." Plaintiff also alleges that Separate Defendant Marvin would "discontinue medications and put me on something else without telling [Plaintiff]." Again, mere disagreements with treatment are insufficient to state a claim for deliberate indifference. See *Estate of Rosenberg v. Crandell*, *supra*. Although Plaintiff may not agree with the decisions made by Defendant Marvin, Plaintiff's allegations fall short of stating a constitutional claim.

Further, in the informal resolutions and grievances Plaintiff attaches to his Complaint, Plaintiff states that he asked Defendant Marvin to be seen by a specialist, but that Defendant Marvin refused to do so. However, the grievances also indicate that

---

[1] The documents Plaintiff provides to the Court indicate that he did this on one occasion and received a timely response (#2 at p.19).

Plaintiff was seen by Defendant Marvin on multiple occasions and that Defendant Marvin provided various treatments for Plaintiff's medical problems.[2] Although Plaintiff may disagree with Defendant Marvin's decision not to refer Plaintiff to a specialist, mere disagreement with treatment options are insufficient to state a constitutional claim.[3]

     5.     Separate Defendant Norris

Plaintiff complains that following treatment call on May 27, 2008, Separate Defendant Norris told Plaintiff to go to the waiting room to put on his shoes. Plaintiff claims that this was "an invitation to staff infection and more problems." Plaintiff also alleges that "verbal abuse is not uncommon for her." These claims are not actionable under § 1983.

Plaintiff has not alleged that he sustained any injury from walking to the waiting room to put on his shoes on May 27, 2008. "A §1983 plaintiff must allege threatened or actual injury." *Berry v. Oswalt*, 143 F.3d 1127, 1133 (8th Cir. 1998) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669 (1974)). Further, any alleged threats made by Defendant Norris do not rise to a constitutional level. See *Martin v. Sargent*, 780 F.2d

---

[2] On January 31, 2007, Defendant Marvin recommended that Plaintiff use triple antibiotic ointment on his feet, wear TED hose while ambulatory, and apply Vaseline to his dry ulcer three times a day as needed. On May 7, 2007, Defendant Marvin ordered Plaintiff to wear special shoes, issued an antibiotic to Plaintiff, and instructed Plaintiff to use Miconazole 2% creme twice a day. On March 20, 2008, Defendant Marvin ordered that Plaintiff come to the infirmary twice a day to apply Vaseline.

[3] In the grievances, Plaintiff acknowledges the treatment Separate Defendant Marvin has provided has been effective, although Plaintiff claims that the treatment is only "enough to keep [him] going."

1334, 1339 (8th Cir. 1985) ("[v]erbal threats do not constitute a constitutional violation") and *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983 ).  Accordingly, these claims against Separate Defendant Norris fail.

Further, Plaintiff alleges that Separate Defendant Norris "would not follow through on what she told [Plaintiff] that she would do" and that, at times, Plaintiff was hurried out of treatment.  Because Plaintiff has not alleged that he suffered any harm as a result of any alleged temporary delay in treatment by Separate Defendant Norris, Plaintiff's claim still fails.  See *Crowley v. Hedgepeth*, *supra*.[4]  Further, the grievances Plaintiff attaches to his Complaint indicate that Defendant Norris helped Plaintiff through the sick-call process (#2 at p.15).

6.      Separate Defendant Treuter

Plaintiff alleges that Separate Defendant Treuter appears "to be unable to control the conduct and job performance of the staff under her."  Plaintiff plainly attempts to hold Separate Defendant Treuter liable under a respondeat superior theory.  Respondeat superior claims are not cognizable under 42 U.S.C. § 1983 .  *Will v. Michigan Dept. of State Police*,

---

[4] Again, the Court notes that in the grievances Plaintiff attaches to his Complaint, he continually states that the sores on his feet have gotten worse.  However, Plaintiff complains generally about these problems.  He does not specifically allege that any delay in treatment by Separate Defendant Norris caused his medical conditions to worsen.  Further, these grievances also indicate that he continually received treatment for the problems with his feet.

491 U.S. 58, 63 (1989); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).

Accordingly, Plaintiff's claims against Separate Defendant Treuter fail.

## IV.   Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted, and that his application to proceed *in forma pauperis* (#1) be DENIED as moot.

DATED this 18th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE